**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:05CV692MLM ) |
| PHILIP E. LUTHER, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This matter is before the court pursuant to the Motion to Dismiss Plaintiff's Complaint filed by Defendants. Doc. 11. Plaintiff Travelers Casualty Company ("Travelers") filed a Memorandum of Law and a Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss. Doc. 15, Doc. 18. Defendants filed a Reply. Doc. 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 17.

### BACKGROUND[1]

1. Travelers' Complaint in the matter under consideration seeks relief against the individual indemnitors under a Continuing Agreement of Indemnity (the "Indemnity Agreement") issued for Midwest Hydro Drilling & Services, Inc. ("Midwest Hydro"). Doc. 1, Compl., Ex. 1. Travelers seeks to recover $203,768.47, alleged to be its expenditure under a performance and payment bond (the "Bond") for a drilling and construction project ("the Project"). Travelers also seeks specific performance of the Indemnity Agreement and requests that the court declare and enforce its "Special Equity Interest in the Proceeds" of a judgment entered in favor of Midwest Hydro against Franklin

---

[1] The facts are undisputed unless otherwise indicated.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

County Public Water Supply District #3 ("Water District") in currently pending litigation in the Circuit Court of Franklin County, Missouri. Counts I-III.[2]

2. As part of the consideration for the issuance and execution of the Bond issued on behalf of Midwest Hydro, Defendants entered into the above described Indemnity Agreement with Travelers. Compl., ¶¶ 14, 15, 17, 19; Compl, Ex. 3.[3] The individually named Defendants in the matter under consideration are the indemnitors for the Bond and are the signatories to the Indemnity Agreement. Doc. 1, ¶ 16.

3. In 2000, the Water District declared Midwest Hydro to be in breach of the Project contract, declared the contract terminated, and made a demand on Travelers pursuant to the Bond. Compl., ¶ 20. Midwest Hydro informed Travelers of its defenses to the claim against the Bond and asserted that it had not breached the Project contract and that the Water District had substantially breached and wrongfully terminated the Project contract. Doc. 11, Ex. A.

4. On July 10, 2001, Midwest Hydro filed the above described Franklin County cause of action against the Water District in which Midwest Hydro asserted causes of action arising out of the drilling and construction work performed on the Project. The Water District filed a counter claim against Midwest Hydro alleging breach and default of the parties' contract.

---

[2] In their Motion to Dismiss Defendants argue that Count III of Travelers' Complaint should be dismissed because although in Count III Travelers seeks a temporary restraining order, the Complaint is not verified or supported with affidavits as required by Fed. R. Civ. P. 65. In response Plaintiffs have moved to voluntarily dismiss Count III of the Complaint. Because, however, the court finds below that Defendants' Motion to Dismiss should be granted in its entirety the court need not address the voluntary dismissal of Count III.

[3] The Bond was issued on behalf of Midwest Hydro for the Project by Reliance Insurance Company, which company was purchased by Travelers. For purposes of this Memorandum Opinion all references to Travelers shall mean Travelers or its predecessors in interest, including Reliance Insurance Company.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

5. While the Franklin County litigation was pending, Travelers settled the Bond claim with the Water District and pursuant to that settlement entered into a Tender Agreement which provided for payment of $182, 315.25 to the Water District. Compl., Ex. 5. The Tender Agreement provides in the event Midwest Hyrdo is found not liable to the Water District in the Franklin County litigation that the Water District must promptly reimburse Travelers the $182, 315.25, plus expenses. Compl., Ex. 5. The Tender Agreement further states, in relevant part, that the Water District was assigning Travelers all claims and causes of action which the Water District had against Midwest Hydro arising out of the contract for the Project. Compl., Ex. 5.

6. While the above described Franklin County litigation was pending, Travelers filed a separate cause of action in the Circuit Court of St. Louis County in which cause Travelers sought to recover amounts it had paid under the Bond. In the St. Louis County cause of action Travelers named as defendants the same Defendants as those named in the matter under consideration and also named Midwest Hydro as a Defendant. This action in St. Louis County was dismissed without prejudice by stipulation of the parties. Doc. 11, Ex. B, Ex. C.

7. The Franklin County litigation was tried before a jury and the jury returned a verdict in favor of Midwest Hydro. On October 26, 2004, a judgment in the amount of $476,009.78 was entered in favor of Midwest Hydro and against the Water District. Compl., ¶ 24; Doc. 11, Ex. D.

8. On about December 21, 2004, Travelers filed a Motion to Intervene and Petition in Intervention in the Franklin County litigation. Doc. 11, Ex. E, Ex. F. In its Petition in Intervention, in which it named as defendants Midwest Hydro and the Water District, Travelers contended that it paid the Water District pursuant to the Tender Agreement; that the Water District had agreed to promptly reimburse the amount paid in the event that Midwest Hydro prevailed in the Franklin County litigation; and that Midwest Hydro and the Water District had failed to protect Travelers'

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

interests in the Franklin County litigation. Also in the Petition for Intervention Travelers sought to recover all amounts paid by Travelers under the Bond and sought judgment in the amount of $203,042.47. Doc. 11, Ex. F, ¶¶-10, 12, 14-15. On January 25, 2005, the court granted Travelers' request for leave to intervene in the Franklin County litigation. Doc. 11, Ex. G.

9. In its Answer to Travelers' Petition to Intervene in the Franklin County litigation Midwest Hydro alleged as affirmative defenses that: Travelers breached the Indemnity Agreement; that Travelers breached its fiduciary duty to Midwest Hydro; and that it did not act in good faith or with reasonableness in making any of the alleged payments to the Water District. Doc. 11, Ex. H. Additionally, Midwest Hydro filed counterclaims against Travelers alleging: breach of contract in that Travelers breached the Indemnity Agreement by obtaining a completion contractor to complete the project, and breach of fiduciary duty established by the Indemnity Agreement by making any of the alleged payments to the Water District. Doc. 11, Ex. H.

10. In its Motion to Dismiss Defendants argue that Travelers' Complaint in the matter under consideration should be dismissed because the recovery sought by Travelers against Defendants is this cause of action is the same recovery sought by Travelers against different defendant parties in the Franklin County litigation and because it is an improper and impermissible attempt to split a single cause of action and that Travelers' Complaint runs counter to the principles of comity, fails to include parties necessary for proper adjudication, and is procedurally deficient. Travelers argues in opposition to the Motion to Dismiss that it has not split a cause of action because the Tender Agreement and the Indemnity Agreement are separate, independent, and wholly unrelated contracts between different parties. Travelers contends that the Indemnity Agreement is at issue in the matter under consideration; that the Indemnity Agreement is not and has never been an issue in the Franklin County litigation; and that the "fundamental" issue in the Franklin County litigation is the Tender

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Agreement. Travelers contends, alternatively, that Defendants agreed to allow Travelers to split its cause of action when Defendants executed the Indemnity Agreement. Travelers further argues that the dismissal of Midwest Hydro's counterclaim in the Franklin County litigation further evidences that it has not split its cause of action.

## APPLICABLE LEGAL STANDARD and DISCUSSION

Upon considering a motion to dismiss the court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under federal law a plaintiff cannot split a cause of action. Clarke v. Redeker, 406 F.2d 883, 885 (8th Cir. 1969). A plaintiff attempts to split a cause of action where it asserts the same cause of action asserted in a previously filed case. Id. at 885. The Eighth Circuit has held, as follows, in regard to splitting a cause of action pursuant to Missouri law:

> In general, the test for determining whether a cause of action is single and cannot be split is: 1) whether separate actions brought arise out of the same act, contract or transaction; 2) or whether the parties, subject matter and evidence necessary to sustain the claim are the same in both actions. The word "transaction" has a broad meaning. It has been defined as the aggregate of all the circumstances which constitute the foundation for a claim. It also includes all of the facts and circumstances out of which an injury arose. King Gen. Contractors, Inc. v. Reorganized Church of Jesus Christ of Latter Day Saints., 821 S.W.2d 495, 501 (Mo.1991), quoting Burke v. Doerflinger, 663 S.W.2d 405, 407 (Mo. App.1983).

Rosemann v. Roto-Die, Inc., 276 F.3d 393, 397 (8th Cir. 2002). See also Bagsby v. Gehres, 139 S.W.3d 611, 615 (Mo. Ct. App. 2004) (citing Foster v. Foster, 39 S.W.3d 523, 528 (Mo. Ct. App. 2001).

The court in King, 821 S.W.2d at 501, further explained that the policy behind the doctrine against splitting a cause of action is similar to the doctrine of res judicata as both are "designed to prevent a multiplicity of lawsuits. A cause of action which is single may not be split and filed or tried

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit."

As further explained in Bagsby:

> The rule against splitting a cause of action serves to prevent a multiplicity of suits and appeals with respect to a single cause of action, and is designed to protect defendants against fragmented litigation, which is vexatious and costly. The rule also implements a public and judicial policy applied by federal and state courts to foster the efficient and economic administration of the judicial system by forestalling an undue clogging of the courts.

139 S.W.3d at 615 (citing Hutnick v. Beil, 84 S.W.3d 463, 466 (Mo. Ct. App.2002).

The court in Rosemann, 276 F.3d at 397, noted that the Restatement (Second) of Judgments § 24 (1982), Sec. 24., provides as follows:

Dimensions of "Claim" for Purposes of Merger or Bar--General Rule Concerning "Splitting"

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Pursuant to the two-pronged test articulated in Rosemann, King, and Bagsby the court will first consider whether the cause of action in Franklin County and the matter under consideration arise out of the same act, contract or transaction. In the Franklin County litigation, as stated in its Petition for Intervention, Travelers seeks to recover $203,042.47, its expenditure made pursuant to the Tender Agreement; this expenditure, however, was initiated by the obligation created by the Bond. Doc. 11, Ex. F, ¶ 16. Indeed, the Water Company and Travelers entered into the Tender Agreement

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

as a result of the payment pursuant to the Bond. In the matter under consideration Travelers seeks to recover from the individually named Defendants who are the indemnitors. These claims are based on the Indemnity Agreement into which the Defendants entered pursuant to obligations created by the Bond. Compl., ¶ 25; Doc. 11, Ex. F. Although both lawsuits seek recovery from different Defendants, both lawsuits arise from the same transaction which is the dispute between Midwest Hydro and the Water District which dispute resulted in the payment made by Travelers pursuant to the Bond. Both lawsuits clearly involve amounts paid by Travelers pursuant to the Bond and *in both lawsuits Travelers is seeking to recover for the same loss*. As such, the court finds that the Franklin County litigation and the matter under consideration arise out of the same subject matter and that, therefore, the first prong of the above described test for determining whether a cause of action is split is met. See Rosemann, 276 F.3d at 397; Bagsby, 139 S.W.3d at 615; King, 821 S.W.2d at 501.

Pursuant to the second prong of the above quoted test for determining whether a plaintiff is splitting a cause of action the court will consider whether the parties, subject matter and evidence necessary to sustain the claim are the same in both the Franklin County litigation and the matter under consideration. As stated above, Travelers seeks compensation from both Midwest Hydro and the Water District in the Franklin County litigation. In the matter under consideration, however, it seeks compensation from the individual indemnitors. Despite this difference in the named defendants the proof required in both matters will involve the same facts. To permit Travelers to proceed in federal court while it has intervened in the litigation in Franklin County creates the possibility of conflicting results or verdicts not to mention the possibility of double recovery for Travelers. Significantly, Travelers acknowledges that "to the extent that Travelers is awarded damages in this case, the claim against the Water District and the proceeds of the judgment currently held in escrow is reduced." Doc. 15 at 5. This admission belies Travelers assertion that the litigation in Franklin County and the

7

matter under consideration are unrelated. As such, proceeding with the matter under consideration will result in a duplication of the efforts of the parties and it will violate public and judicial policy which aims to foster the efficient and economic administration of the judicial system. See Bagsby,139 S.W.3d at 615.

In regard to the dismissal by the Franklin County court of Midwest Hydro's counterclaim, the court notes that as a result of the dismissal Midwest Hyrdo's counterclaim the only issue remaining in the Franklin County litigation is whether Travelers is entitled to reimbursement pursuant to the Tender Agreement. As such, the dismissal of these counterclaims does not preclude a finding that for this court to proceed in the matter under consideration would duplicate the parties' efforts and would contradict policy against such duplication of efforts.

In support of its claim that Defendants agreed to allow Travelers to split their cause of action when they executed the Indemnity Agreement Travelers cites the provision of the Indemnity Agreement which provides that the Surety (Travelers) "shall be entitled to enforce the obligations hereof directly against any and all the Undersigned without the necessity of first proceeding against the Applicant." This language, however, does not provide that Defendants agreed to permit Travelers to split a cause of action which may arise as a result of the Indemnity Agreement and the Bond. Rather, this language simply provides that Travelers can elect from whom and in what order it will seek to recover the amounts claimed. Moreover, even assuming, arguendo, that Defendants agreed to allow Travelers to split their cause of action, this court's permitting Travelers to proceed in the matter under consideration would nonetheless violate the policy against splitting a cause of action.

## CONCLUSION

For the reasons more fully set forth above, the court finds that the Complaint in the matter under consideration splits a cause of action in contravention of the policy of State and federal courts.

8

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The court further finds, therefore, that the Motion to Dismiss filed by Defendants should be granted and that this matter should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **GRANTED**. [11]

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com